FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 DEC 21 AM 10: 04
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIC MCDANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-097 |
| | ) | |
| C.C.D.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center located in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Columbia County Detention Center ("CCDC"); (2) FNU Shouse, Officer, CCDC; (3) FNU Woods, Lieutenant, CCDC; and (4) FNU Groves,

Sergeant, CCDC. (Doc. no. 1, pp. 1 & 4). Plaintiff submits that Defendants violated his constitutional rights by failing to properly handle his grievance, failing to prosecute an alleged crime, violating his equal protection rights, and retaliating against him for appealing his grievance. (Id. at 5).

Plaintiff alleges that, on January 30, 2007, Defendant Shouse came into "the maximum security of C.C.D.C." with a loaded firearm and two extra clips. (Id.). Plaintiff contends that he and several other inmates filed grievances related to the January 30, 2007 incident.[1] (Id.). According to Plaintiff, on January 31, 2007, he received a reply to his grievance signed by Defendant Groves simply stating, "Incident was addressed by Chain of Command. Appropriate action taken. No further explanation required." (Id.). Plaintiff maintains that, on February 2, 2007, he appealed his grievance, which was denied by Defendant Woods. (Id.).

Plaintiff further alleges that, on July 2, 2007, after no action was taken concerning the January 30th incident and he was subjected to verbal abuse, he asked to speak with an investigator. (Id.). According to Plaintiff, Defendant Groves and Deputy Cooper denied his request to speak with an investigator, informed him to procure legal representation, and indicated that criminal charges would not be filed against Defendant Shouse. (Id.). Plaintiff submits that, because no criminal charges were filed against Defendant Shouse, the CCDC conspired to conceal Defendant Shouse's illegal action. (Id.). Plaintiff also complains that

---

[1]Plaintiff complains that Defendant Shouse's actions have made him feel very uncomfortable and have threatened his safety. (Doc. no. 1, p. 5). Furthermore, Plaintiff submits that, when Defendant Shouse is around him, Plaintiff becomes angry because "[he] feel[s] that this is discrimination of the [CCDC]." (Id.).

2

his appeal failed to reach "the Captain" because it was signed by Defendant Woods. (Id.). Plaintiff fails to indicate what relief he seeks from the Court.[2]

## II. DISCUSSION

**A.      Grievance Claim**

Plaintiff's allegations related to the handling of his grievance and appeal fail to state a claim upon which relief can be granted. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

---

[2]To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs "[s]tate briefly exactly what you want the court to do for you." (Doc. no. 1, p. 6). Under the question concerning the prisoner plaintiff's desired relief, Plaintiff merely writes "(1) stress (2) Mental Anger (3) Discrimination by handling my grievance." (Id.).

3

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff alleges that, after he filed a complaint concerning the actions of Defendant Shouse, he received a reply to his grievance signed by Defendant Groves simply stating, "Incident was addressed by Chain of Command. Appropriate action taken. No further explanation required." (Doc. no. 1, p. 5). Plaintiff also complains that his appeal failed to reach "the Captain" because it was signed by Defendant Woods. (Id.). However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's grievance claim must fail as a matter of law.

4

## B. Failure to Prosecute Claim

Plaintiff complains that Defendant Shouse was not prosecuted for the January 30, 2007 incident. Article III of the Constitution limits federal courts to adjudicate only "cases" and "controversies." (U.S. Const. art. III. § 2, cl. 1); see also Allen v. Wright, 468 U.S. 737, 750 (1984). Consequently, litigants must have "standing" to invoke the power of a federal court. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1346 (11th Cir. 1999). "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). Standing is established, if the following three requirements are met: (1) the plaintiff has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Pittman v. Cole, 267 F.3d 1269, 1282 (11th Cir. 2001) (citing White's Place, Inc. v. Glover, 222 F.3d 1327, 1329 (11th Cir. 2000)).

To the extent that Plaintiff complains that Defendant Shouse, or anyone else for that matter, has committed a crime, such an allegation alone does not give rise to a private right of action. Plaintiff has failed to allege any injuries as a result of the failure to prosecute Defendant Shouse. Rather, Plaintiff only conveys an annoyance with the alleged refusal to act in accordance with his wish to have Defendant Shouse prosecuted or punished for the incident. Thus, Plaintiff has no standing, and the allegations related to the failure to prosecute Defendant Shouse do not present a case or controversy over which this Court may issue a decision. Cf. Linda R.S. v. Richard D., 410 U.S. 614, 618 (1973) ("[A] citizen lacks

standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). Simply put, Plaintiff lacks standing to raise a claim related to the failure to prosecute Defendant Shouse for the January 30, 2007 incident, and therefore, his claim must fail as a matter of law.

C. **Equal Protection Claims**

Plaintiff fails to allege facts sufficient to establish an equal protection claim. To state a viable equal protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Constitutionally impermissible bases to discriminate include "race, religion, national origin, poverty, or some other . . . protected interest." Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (*per curiam*) (citing Cruz v. Skelton, 543 F.2d 86 (5th Cir. 1976) and Osborne v. Folmar, 735 F.2d 1316 (11th Cir. 1984)).

In this case, Plaintiff complains that, as a result of Defendant Shouse's actions, he is angry and feels discriminated against by the CCDC. (Doc. no. 1, p. 5). Plaintiff also indicates that he believes that his grievance was handled in a discriminatory manner. (Id. at 6). However, Plaintiff has not alleged that he was treated differently from other inmates incarcerated in "The Maximum Security of [CCDC]" or other inmates filing grievances. Furthermore, Plaintiff does not contend that either the January 30, 2007 incident or the denial of his grievance were motivated by a desire to discriminate based on some constitutionally impermissible motive. Although Plaintiff uses the term "discrimination," it appears that his

6

use of the word is simply an attempt to bolster his other claims, rather than an attempt to assert an equal protection claim. Therefore, Plaintiff fails to allege facts sufficient to establish an equal protection claim.

**D.     Retaliation Claim**

Plaintiff also fails to allege facts sufficient to state a viable retaliation claim. Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable § 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

In this case, Plaintiff suggests that, as a result of his appeal, he was verbally abused by Defendant Woods on July 1, 2007. However, Plaintiff does not state how he was verbally abused or what was allegedly said to him. Plaintiff also fails to indicate what, if any, deterrence the alleged verbal abuse had on the exercise of his First Amendment rights. Simply put, Plaintiff merely submits a general allegation that he was verbally abused as a result of his grievance appeal. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights . . . actions, courts have recognized that more than mere conclusory

7

notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Therefore, Plaintiff has failed to state a viable retaliation claim.

E.  **Emotional and Psychological Claims**

Plaintiff's claim that Defendant Shouse's actions have made him feel uncomfortable, stressed, and angry also fails as a matter of law. When a lawsuit involves (1) a federal civil action (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody, § 1997e(e) requires a showing of more than *de minimis* physical injury in order for the plaintiff to proceed. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). In this case, Plaintiff does not contend that he suffered any physical injury resulting from Defendant Shouse's alleged actions. Consequently, Plaintiff has failed to allege facts sufficient to satisfy the mandates established by § 1997e(e). Therefore, to the extent that Plaintiff seeks damages for his discomfort, stress, and anger, such claims are barred by 42 U.S.C. § 1997e(e).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of December, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8